THE STATE, EX REL. RED CARPET KAMMS, INC., D.B.A. THE REAL FLASH GORDON'S, *v.* CUYAHOGA COUNTY BOARD OF ELECTIONS.

(No. 54688—Decided
March 7, 1988.)

*Kelley, McCann & Livingstone,
John D. Brown* and *Carl A. Murway,*
for relator.

*John T. Corrigan,* prosecuting attorney, and *Michael P. Butler,* for respondent.

ANN MCMANAMON, J. Relator, Red Carpet Kamms, Inc., d.b.a The Real Flash Gordon's, seeks an order of mandamus to prevent the respondent, Cuyahoga County Board of Elections, from counting the ballots cast on November 3, 1987 in the Precinct B, Ward 21, city of Cleveland local-option election, relating to Red Carpet Kamms, Inc.

Because the board of elections has failed in its clear legal duty to the relator and because potential irreparable injury to relator is clearly demonstrated, we order a permanent writ of mandamus to issue.

Boards of elections are required by law to give affected liquor permit holders notice of petitions for special elections. R.C. 4301.33, petition for local option election, provides, in part:

"Within five days after receiving a petition calling for an election for the submission of one or more of the questions specified in divisions (A) to (C) of section 4301.35 * * * of the Revised Code, the board shall give notice that it has received the petition to all liquor permit holders whose permits would be affected by the results of the special election sought by the petition * * *."

The record reflects that the board of elections did not give notice to Red Carpet Kamms, Inc. of any impending local-option election. In fact, a bar patron informed relator of the petition.

The relator raised this issue at a meeting before the board of elections one week before the election. At that time, respondent board of elections denied it was required to give permit holders notice of the petition.

We note that a permit holder does not have a constitutional right to specific notice of an impending local-option election since such an election is a legislative action by the electorate of the district involved. *Rickard* v. *Ohio Dept. of Liquor Control* (1986), 29 Ohio App. 3d 133, 29 OBR 149, 504 N.E. 2d 724, paragraph three of the syllabus. However, permit holders have an express statutory right to notice of the filing of a local-option election petition pursuant to R.C. 4301.33.

Relator stands to suffer irreparable injury to its night club business should it lose its liquor license. We find that relator has no adequate remedy at law.

For these reasons we issue a writ of mandamus under which the board of elections is permanently stayed from counting the November 3, 1987 ballots on the Precinct B, Ward 21, city of Cleveland local-option election relating to Red Carpet Kamms, Inc., d.b.a. The Real Flash Gordon's, 17001 Lorain Avenue, Cleveland, Ohio.

The writ of prohibition, also sought by relator, is denied since a writ of prohibition will not lie against a board of elections. *State, ex rel. Toncray,* v. *Summit Cty. Bd. of Elections* (1981), 68 Ohio St. 2d 38, 22 O.O. 3d 179, 428 N.E. 2d 401.

The writ of mandamus is allowed, but the writ of prohibition is denied.

The relator's motion for summary judgment is overruled for mootness, and respondent's motion for summary judgment is overruled.

*Writ of mandamus allowed.*
*Writ of prohibition denied.*

NAHRA, C.J., concurs.

PATTON, J., dissents.

PATTON, J., dissenting. I must respectfully dissent from the majority's issuance of a writ of mandamus.

Relator seeks an order from this court which would prevent the Cuyahoga County Board of Elections from counting the votes of the electorate in the local-option election regarding relator's liquor permit. An action in mandamus, however, does not lie.

In *State, ex rel. Byrd,* v. *Summit Cty. Bd. of Elections* (1981), 65 Ohio St. 2d 40, 19 O.O. 3d 230, 417 N.E. 2d 1375, the Supreme Court held in paragraph one of the syllabus:

"Mandamus and *quo warranto* will not lie to compel the withdrawal of a certificate of election issued following an election, and cannot be substituted in lieu of a request for a recount pursuant to R.C. 3515.02, or a contest of election pursuant to R.C. 3515.09. These sections provide the exclusive remedy for a recounting of the votes, or a correction of all errors, frauds, and mistakes which may occur at an election. (*State, ex rel. Daoust,* v. *Smith,* 52 Ohio St. 2d 199, approved and followed.)"

Similarly, this court has held that the remedies of recount under R.C. 3515.02 and *election contest* under R.C. 3515.09 are available to the holder of a liquor permit whose permit is cancelled pursuant to the results of a local-option election. *Walt's Friendly Tavern* v. *Dept. of Liquor Control* (1983), 11 Ohio App. 3d 277, 11 OBR 457, 464 N.E. 2d 610.

Relator clearly has a plain and adequate remedy under R.C. Chapter 3515. Mandamus, therefore, does not lie in this case.

Nevertheless, relator would have this court issue an order which would prohibit the board of elections from so much as counting the votes cast in the local-option election. That is, relator would have this court silence the voice of the electorate, in spite of the fact that there exists at least the possibility that a majority of the voters may not have voted to cancel relator's permit. Of course, even if a majority of the voters favored cancellation of relator's permit, the remedies of recount *and election* contest remain open to relator under R.C. Chapter 3515.

Accordingly, the General Assembly has provided a plain and adequate remedy at law. Under these circumstances, this court should not preempt the expression of the will of the electorate. The issuance of a writ of mandamus preventing the board of elections from certifying the results of this local-option is error. As a consequence, I dissent.