Gammarino et al., Appellees, *v.* Hamilton County Board of Revision, Appellee; Rhodes, Hamilton County Auditor, Appellant.

[Cite as *Gammarino v. Hamilton Cty. Bd. of Revision* (1997), 80 Ohio St.3d 32.]

(No. 97–164—Submitted July 23, 1997—Decided October 8, 1997.)

*Joseph T. Deters,* Hamilton County Prosecuting Attorney, and *Thomas J. Scheve,* Assistant Prosecuting Attorney, for appellant.

*Per Curiam.* Appellant raises two primary arguments: that an unrelated lay person may not file and prosecute a complaint before a board of revision, and that such representation by a lay person constitutes the unauthorized practice of law.

Appellees have not filed briefs with this court.

Subsequent to the BTA's decision in this matter on January 3, 1997, we decided *Sharon Village Ltd. v. Licking Cty. Bd. of Revision* (1997), 78 Ohio St.3d 479, 678 N.E.2d 932, which involved a real estate valuation complaint filed with a board of revision by a nonattorney. In *Sharon Village Ltd.,* the sole question before us was whether a nonlawyer-agent filing complaints with a board of revision was engaging in the unauthorized practice of law. After reviewing the procedures before a board of revision and exploring some of the ramifications of filing a complaint, we interpreted the term "agent" in R.C. 5715.13 to include the affected party's attorney. *Id.* at 483, 678 N.E.2d at 936. We then went on to hold that "the preparation and filing of a complaint with a board of revision on behalf of a taxpayer constitute the practice of law." *Id.* Since the tax agent involved in *Sharon Village Ltd.* was not an attorney, his actions in filing the complaints constituted the unauthorized practice of law. In *Sharon Village Ltd.* we affirmed the BTA's decision, which held that the complaints filed with the board of revision were not "sufficient to repose jurisdiction in the Licking County BOR." *Sharon*

*Village Ltd. v. Licking Cty. Bd. of Revision* (Dec. 1, 1995), Board of Tax Appeals, No. 94–M–1214, unreported. We affirmed the dismissal of the appeals.

The facts of the present case and our decision in *Sharon Village Ltd.* require us to hold that Gammarino was not an "agent" within the meaning of R.C. 5715.13 for the purpose of filing the complaint in question with the BOR. Because Gammarino was not an agent, his filing of the complaint constituted the unauthorized practice of law.

In *Stanjim Co. v. Mahoning Cty. Bd. of Revision* (1974), 38 Ohio St.2d 233, 235, 67 O.O.2d 296, 298, 313 N.E.2d 14, 16, we held that "full compliance with R.C. 5715.19 and 5715.13 is necessary before a county board of revision is empowered to act on the merits of a claim." Therefore, because the complaint filed in this matter did not meet the requirements of R.C. 5715.13, it was not an effective complaint. Without an effective complaint, the BOR had nothing to hear and determine. R.C. 5715.01 and 5715.11. We affirm the BOR's dismissal of the complaint.

Because our decision upholds the BOR's dismissal of Gammarino's complaint for lack of jurisdiction, we decline to address the remaining arguments raised by appellant concerning procedural issues arising subsequent to the BOR's decision.

Accordingly, for all the foregoing reasons, the decision of the BTA requiring the BOR to make a determination as to the value of the property is unreasonable and unlawful, and it is reversed.

*Decision reversed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.