[This opinion has been published in *Ohio Official Reports* at 80 Ohio St.3d 32.]

GAMMARINO ET AL., APPELLEES, *v.* HAMILTON COUNTY BOARD OF REVISION, APPELLEE; RHODES, HAMILTON COUNTY AUDITOR, APPELLANT.

[Cite as *Gammarino v. Hamilton Cty. Bd. of Revision*, 1997-Ohio-361.]

*Taxation—Real property valuation—Complaint filed with county board of revision must comply with R.C. 5715.13—Preparation and filing of complaint with county board of revision by individual not authorized to practice law in Ohio and not an "agent" constitutes the unauthorized practice of law.*

(No. 97-164—Submitted July 23, 1997—Decided October 8, 1997.)

APPEAL from the Board of Tax Appeals, No. 96-K-280.

_____

{¶ 1} Appellee, Al Gammarino, filed a real property valuation complaint with the Hamilton County Board of Revision ("BOR") on March 30, 1995 for tax year 1994. The complaint listed the owner of the property as Rex Overstreet and the complainant as Billy McPherson. The complaint listed Gammarino as the complainant's agent; Gammarino signed the complaint, apparently as an agent.

{¶ 2} At a hearing before the BOR, inquiry was made into Gammarino's relationship with the property, and with Overstreet and McPherson. Gammarino told the BOR that he was appearing in his capacity as "a Real Estate Broker Agent for Mr. McPherson or Mr. Overstreet," and that he filed the complaint at Overstreet's and McPherson's request. Gammarino said he had had a principal/agent relationship with Overstreet in past years, but had no current relationship. As to McPherson, Gammarino said he had not represented him as a broker. Gammarino admitted that he did not manage the property or take care of the utilities.

{¶ 3} The BOR dismissed the complaint for being improperly filed. In response to the dismissal, Gammarino filed an appeal with the Board of Tax

Appeals ("BTA"). At the hearing before the BTA, counsel for the county established that Gammarino was not an attorney, did not own the property, did not manage the property, and did not rent the property. Gammarino admitted he had no written authorization to file the complaint. He explained that McPherson owned the property before Overstreet purchased it at a judicial sale in 1993. However, because of a problem with the sale, McPherson regained title to the property in August 1995. Gammarino again stated that he filed the complaint because Overstreet and McPherson had requested him to do so. Gammarino stated that he had no continuing business relationship with either Overstreet or McPherson. Although Gammarino signed the notice of appeal to the BTA as "Al Gammarino Trustee/agent," he admitted no trust existed. He said he had signed his name as trustee because he was acting for Overstreet and McPherson, not because he was trustee in a legal sense. Gammarino said he had no arrangements with McPherson to pay him or give him any percentage of any tax savings that might result from the filing of the complaint.

{¶ 4} The BTA found that, although Gammarino named himself as the appellant in the notice of appeal to the BTA, he was not a party to the proceedings before the BOR. Instead, the BTA found Gammarino was merely an "agent" who had filed the complaint for other individuals. The BTA *sua sponte* substituted Overstreet as the real party in interest. The BTA also found that McPherson had no ownership interest in the property that would permit him to file a complaint. Finally, the BTA found Gammarino's explanation "plausible," and held that the underlying complaint was filed on behalf of both McPherson and Overstreet. Consequently, the BTA reversed and remanded the matter to the BOR for a determination of value.

{¶ 5} The Hamilton County Auditor has filed an appeal as of right with this court.

———————————

2

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Thomas J. Scheve*, Assistant Prosecuting Attorney, for appellant.

_____

*Per Curiam*.

{¶ 6} Appellant raises two primary arguments: that an unrelated lay person may not file and prosecute a complaint before a board of revision, and that such representation by a lay person constitutes the unauthorized practice of law.

{¶ 7} Appellees have not filed briefs with this court.

{¶ 8} Subsequent to the BTA's decision in this matter on January 3, 1997, we decided *Sharon Village Ltd. v. Licking Cty. Bd. of Revision* (1997), 78 Ohio St.3d 479, 678 N.E.2d 932, which involved a real estate valuation complaint filed with a board of revision by a nonattorney. In *Sharon Village Ltd*., the sole question before us was whether a nonlawyer-agent filing complaints with a board of revision was engaging in the unauthorized practice of law. After reviewing the procedures before a board of revision and exploring some of the ramifications of filing a complaint, we interpreted the term "agent" in R.C. 5715.13 to include the affected party's attorney. *Id*. at 483, 678 N.E.2d at 936. We then went on to hold that "the preparation and filing of a complaint with a board of revision on behalf of a taxpayer constitute the practice of law." *Id*. Since the tax agent involved in *Sharon Village Ltd*. was not an attorney, his actions in filing the complaints constituted the unauthorized practice of law. In *Sharon Village Ltd*. we affirmed the BTA's decision, which held that the complaints filed with the board of revision were not "sufficient to repose jurisdiction in the Licking County BOR." *Sharon Village Ltd. v. Licking Cty. Bd. of Revision* (Dec. 1, 1995), Board of Tax Appeals, No. 94-M-1214, unreported. We affirmed the dismissal of the appeals.

{¶ 9} The facts of the present case and our decision in *Sharon Village Ltd*. require us to hold that Gammarino was not an "agent" within the meaning of R.C. 5715.13 for the purpose of filing the complaint in question with the BOR. Because

Gammarino was not an agent, his filing of the complaint constituted the unauthorized practice of law.

{¶ 10} In *Stanjim Co. v. Mahoning Cty. Bd. of Revision* (1974), 38 Ohio St.2d 233, 235, 67 O.O.2d 296, 298, 313 N.E.2d 14, 16, we held that "full compliance with R.C. 5715.19 and 5715.13 is necessary before a county board of revision is empowered to act on the merits of a claim." Therefore, because the complaint filed in this matter did not meet the requirements of R.C. 5715.13, it was not an effective complaint. Without an effective complaint, the BOR had nothing to hear and determine. R.C. 5715.01 and 5715.11. We affirm the BOR's dismissal of the complaint.

{¶ 11} Because our decision upholds the BOR's dismissal of Gammarino's complaint for lack of jurisdiction, we decline to address the remaining arguments raised by appellant concerning procedural issues arising subsequent to the BOR's decision.

{¶ 12} Accordingly, for all the foregoing reasons, the decision of the BTA requiring the BOR to make a determination as to the value of the property is unreasonable and unlawful, and it is reversed.

*Decision reversed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

————————————