JOURNAL ENTRY AND OPINION
Defendant-appellant the Cuyahoga County Board of Revision ("BOR") appeals from the trial court's order that plaintiffs-appellants Frank, Jean, and Patricia Matteos' complaint on the assessment of real property be reinstated and heard after being dismissed by the BOR.
The BOR assigns the following errors for review:
 I. THE TRIAL COURT ERRED IN FINDING THAT THE HOLDING OF A CASE IN THE SUPREME COURT OF OHIO WAS NOT INTENDED TO HAVE RETROSPECTIVE EFFECT.
 II. THE TRIAL COURT ERRED IN FINDING THAT THERE WAS NO EVIDENCE PATRICIA MATTEO WAS NOT A PROPER AGENT.
Finding the appeal to have merit, the judgment of the trial court is reversed and the case remanded for dismissal.
 I.
On March 27, 1995, a complaint on the assessment of real property was filed with the BOR for the tax year 1994. Jean and Frank Matteo are owners of the real property at issue located in South Euclid. Patricia Matteo is shown as the complainant. She signed the complaint with her title of office noted as "daughter." An attorney's name is listed as the complainant's attorney or agent.
At the jurisdictional hearing, the BOR dismissed the complaint for lack of jurisdiction after finding Patricia Matteo's signature to be unauthorized. The BOR relied on Sharon VillageLtd. v. Licking Cty. Ed. of Revision (1997), 78 Ohio St.3d 479, as authority. In Sharon Village, the Supreme Court of Ohio held that the preparation and filing of a complaint with a board of revision by a non-attorney agent to be the unauthorized practice of law, resulting in the dismissal of the complaint due to lack of jurisdiction. The BOR found that Patricia Matteo had prepared, signed, and filed the complaint.
On November 6, 1997, the Matteos filed an appeal of the BOR's decision in the court of common pleas. On appeal, the Matteos argued that Sharon Village was distinguishable because their complaint was prepared by an attorney and only signed by their agent-daughter. The Matteos also maintained that Sharon Village
should not be applied retrospectively. The BOR contended that Patricia Matteo was not the party affected or an agent in the case. The BOR argued that R.C. 5715.13 and R.C. 5715.19 had not been complied with, meaning the BOR never had the jurisdiction to consider the complaint.
The court of common pleas reversed the decision of the BOR and remanded the matter for a hearing on the complaint. The court of common pleas stated that there was no reason to believe that the Supreme Court of Ohio intended Sharon Village to have retrospective effect. The court further found that there was no evidence that Patricia Matteo was not a proper agent.
 II.
The BOR's first assignment of error argues that the court of common pleas erred in finding that Sharon Village did not apply retrospectively. This issue has been determined in Lakeside Ave.L.P. v. Cuyahoga Cty. Bd. of Revision (1999), 85 Ohio St.3d 125, in which the court held that Sharon Village was applicable to all complaints filed prior to and after the date of its announcement.
The BOR's first assignment of error is well-taken.
 III.
In its second assignment of error, the BOR contends the court of common pleas abused its discretion in finding Patricia Matteo to be a proper agent. The BOR first argues that Patricia Matteo engaged in the unauthorized practice of law by signing the complaint and being designated the complainant. The BOR asserts that by designating herself as the complainant, Patricia Matteo had the authority to manage the matter and, further, she commenced an action in which she was not a concerned party.
An appellate court may not reverse the decision of the court of common pleas reviewing an order of an administrative agency absent an abuse of discretion. Without an abuse of discretion, a court of appeals must affirm the judgment of the trial court.Palm Beach Mall, Inc. v. Cuyahoga Cty. Bd. of Revision (1994),96 Ohio App.3d 549.
In Worthington City School Dist. Bd. of Edn. v. Franklin Cty.Bd. of Revision (1999), 85 Ohio St.3d 156, the court considered four cases in which complaints had been filed before boards of revision. In one of the cases, an attorney prepared and filed, or caused to be filed, the complaint before the board of revision on the behalf of property owned by Ohio Bell. Ameritech Corporation was identified as the owner of the property. Ameritech is a registered trade name of Ameritech Corporation and Ohio Bell. Ameritech Corporation's property tax manager reviewed and signed the complaint. The court held that the preparation and filing of the complaint by an attorney satisfied the requirements of SharonVillage. The court found that the property tax manager did not engage in the practice of law by reviewing and signing the complaint. Therefore, the board of revision had jurisdiction to consider the complaint.
The instant case is analogous to Worthington. The complaint shows that an attorney represented Patricia Matteo. The Matteos contended below that the attorney prepared the complaint and, apparently, filed the complaint with the BOR. The mere act of signing the complaint does not mean that Patricia Matteo engaged in the unauthorized practice of law.
The BOR also submits that Patricia Matteo was not a proper agent pursuant to R.C. 5715.13. According to the BOR, only the owner or the owner's attorney may file a complaint with a board of revision. The BOR reads Sharon Village as restricting the interpretation of "agent" found in R.C. 5715.13 to attorneys.
R.C. 5715.13 governs applications for the decrease in the valuations of real property. It provides:
 The county board of revision shall not decrease any valuation complained of unless the party affected thereby or his agent makes and files with the board a written application therefor, verified by oath, showing the facts upon which it is claimed such decrease should be made.
R.C. 5715.13 must be fully complied with before a county board of revision is empowered to act on the merits of a complaint.Stanjim Co. v. Mahoning Cty. Bd. of Revision (1974), 38 Ohio St.2d 233,235. Once the county board of revision has determined that the complaint meets the statutory jurisdictional requirements, then the merits of a complaint may be considered.Elkem Metals Co., Ltd. Partnership v. Washington Cty. Bd. ofRevision (1998), 81 Ohio St.3d 683, 686. The failure to meet the statutory jurisdictional requirements results in the complaint's dismissal. Id.
This case turns on whether or not Patricia Matteo was the agent for her parents, the owners of the real property. A board of revision only may decrease the valuation complained of if the complaint is filed by the party affected or his agent. BuckeyeFoods v. Cuyahoga Cty. Bd. of Revision (1997), 78 Ohio St.3d 459. Although Sharon Village interpreted "agent" to include the affected party's attorney, the Supreme Court of Ohio did not limit agents under R.C. 5715.13 to attorneys. In Gammarino v.Hamilton Cty. Bd. of Revision (1997), 80 Ohio St.3d 32, the court considered whether an unrelated lay person could file and prosecute a complaint before a board of revision. Gammarino stated he was the real estate broker agent for the owner and filed the complaint at the owner's request. He was not the manager of the property and admitted to having a previous principal/agent relationship with the owner. The court noted Gammarino did not have any written authorization to file the complaint. The court held Gammarino was not an agent within the meaning of R.C. 5715.13 for the purpose of filing a complaint.
The concurring opinion in Lakeside Aven. L.P., supra, states that the holding of Sharon Village should be limited to third-party agents who have no connection with the landowner other than representation seeking a tax reduction. Although this position has not been accepted by a majority of the Supreme Court of Ohio, no case has forbidden persons having a connection to the owners from acting as agents pursuant to R.C. 5715.13. Gammarino,supra, mentioned that the owner's representative listed as the agent was an unrelated lay person. A close family member obviously has a connection to the owners of the real property and should be permitted to act as an agent under R.C. 5715.13, as long as an attorney prepares and files the complaint before the board of revision.
While a person closely related to the owner may act as the agent, there still must be some proof of an agency relationship before a board of revision has jurisdiction to consider the merits of the complaint. That evidence requires more than a notation on the complaint reflecting the relationship. There is nothing in the file showing that Patricia Matteo was authorized to act as the agent for her parents. Compliance with R.C. 5715.13
requires some documentation or evidence being submitted with the complaint proving that an agency relationship exists when a non-attorney is acting as the agent. Otherwise the statutory jurisdictional requirements have not been met and the board of revision cannot act on the complaint.
The court of common pleas abused its discretion by finding Patricia Matteo was her parents' agent based upon a lack of evidence to the contrary. It was the Matteos burden to prove their daughter was acting as their agent. Because the Matteos offered no evidence regarding the existence of an agency relationship, the BOR correctly dismissed the complaint.
The BOR's second assignment of error has merit.
Judgment reversed and remanded.
The judgment of the trial court is reversed and remanded for further proceedings consistent with this Journal Entry and Opinion.
It is, therefore, considered that said appellant recover of said appellee his costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
ANN DYKE, P.J. CONCURS; JAMES D. SWEENEY, J. DISSENTS. (See Dissenting Opinion Attached)
 _________________________ LEO M. SPELLACY JUDGE