**PENN TRAFFIC COMPANY, d.b.a. Big Bear Stores, et al.; Zeus Shopping Center, Inc., Appellant,**

**v.**

**CLARK COUNTY BOARD OF ELECTIONS, Appellee.** ▮

[Cite as *Penn Traffic Co. v. Clark Cty. Bd. of Elections* (1999), 138 Ohio App.3d 1.]

Court of Appeals of Ohio,
Second District, Clark County.

No. 99–CA–26.

Decided Oct. 29, 1999.

*Jennifer L. Brunner,* for Penn Traffic Co.

*Thomas H. Lagos,* for appellant.

*Thomas E. Trempe,* Clark County Assistant Prosecuting Attorney, for appellee.

FAIN, Judge.

Intervenor-appellant, Zeus Shopping Center, Inc., appeals from a judgment of the Clark County Court of Common Pleas dismissing its intervening complaint. Zeus contends that the trial court erred by failing to permit it to intervene. Zeus also contends that the trial court erred by dismissing its intervening complaint because it was denied due process of law when it was not notified of a pending local option election. Finally, Zeus argues that the trial court erred by dismissing its complaint because the local option election of which it complains was void.

We find that the trial court did permit Zeus to intervene in the underlying action. We further conclude that Zeus does not have any constitutional due process, or statutory, right to notification of local option elections. Finally, to the extent that Zeus's complaint challenges the result of a local option election, it was correctly dismissed upon the grounds that it was not timely. Accordingly, the judgment of the trial court is *affirmed.*

I

Frances Kosmos (not a party to this action) owned a store called "Mom's Little Shop." The store was located in Ward 2, Precinct I, in the City of Springfield.

The plaintiff Penn Traffic Company, d.b.a. Big Bear Stores, had been located in Precinct T in the city of Springfield from August 1988, until June 1996, when the defendant-appellee, the Clark County Board of Elections (the "board"), combined all of Precinct T with Precinct I to make an enlarged Precinct I. Precinct T was eliminated. However, when the precincts were combined, the local option status of the land in each precinct remained as it had been previously voted, resulting in a lack of uniformity in Precinct I; Big Bear was in the "wet" portion of the precinct, while Kosmos's shop was in the "dry" portion of the precinct.

In August 1998, Kosmos circulated and filed three local option petitions to place on the general election ballot for Precinct I certain questions relating to the sale of wine and beer. On November 3, 1998, the board conducted a local option election in Precinct I. The local option election resulted in a majority "no" vote on the sale of beer and intoxicating liquor.

Thereafter, Big Bear was informed that, pursuant to the election outcome, it would have to surrender its liquor permits. On December 23, 1998, Big Bear filed a complaint for a declaratory judgment and injunction against the board and the Ohio Department of Commerce, Ohio Division of Liquor Control. The complaint sought, among other things, to have the election declared invalid.

On January 14, 1999, intervenor-appellant Zeus Shopping Center, Inc. filed an "interpleader complaint." Zeus alleged that it owned the shopping center in which Big Bear is located. It also averred that two other stores, which sell beer and wine, are located in its shopping center. Zeus alleged that it would suffer irreparable harm if those stores were not permitted to sell beer and wine. Zeus sought to have the election declared void.

On January 14, 1999, the trial court entered an order permitting Zeus to "intervene and interplead the within matter." The board then filed a motion to dismiss Zeus's complaint for failure to state a claim. The trial court granted the motion on February 18, 1999. From this order dismissing its complaint, Zeus appeals.

## II

Zeus's first assignment of error is as follows:

"The court erred in dismissing the complaint of the intervenor Zeus Shopping Center Inc. since Zeus Shopping Center Inc. clearly had a right to intervene to protect its property interests."

This assignment of error is based solely upon Zeus's argument that it was entitled, but not permitted, to intervene in the subject action.

It appears, as argued by the board, that Zeus has confused the issue of its right to intervene with the issue of the sufficiency of its complaint. The record clearly demonstrates that the trial court permitted Zeus to intervene in the action. However, the trial court subsequently determined that Zeus had failed to state a claim upon which relief could be granted. We find that the error assigned is not portrayed in the record.

Zeus's first assignment of error is overruled.

III

Zeus's second and third assignments of error are as follows:

"The court erred in dismissing the complaint of Zeus Shopping Center Inc. because the Constitution of Ohio and the U.S. Constitution clearly protect the property rights of Zeus Shopping Center Inc. expounded in its intervenor complaint.

"The court erred in dismissing the complaint of Zeus Shopping Center Inc. because the due process rights of Zeus Shopping Center Inc. were violated and further to the extent R.C. 4301.32, local option provision, fails to provide reasonable notice to landlords of an impending local option election, such statute is unconstitutional and fails to provide procedural due process."

Zeus argues that the trial court erred by dismissing its complaint because it was deprived of its property rights without due process of law, as guaranteed by the United States and Ohio constitutions. Zeus argues that it was entitled to, but did not receive, notice of the local option election, and that R.C. 4301.32 is unconstitutional because it fails to provide for notice to landlords. It appears that this claim is premised upon the allegation that the loss of its liquor license would cause Big Bear to vacate Zeus's shopping center, thereby causing Zeus to lose over one million dollars in revenue. In support, Zeus cites this court's holding in *Rickard v. Ohio Dept. of Liquor Control* (1985), 23 Ohio App.3d 101, 23 OBR 166, 491 N.E.2d 388, wherein we held that R.C. 4301.32 is unconstitutional to the extent that it fails to provide reasonable notice to existing liquor permit holders.

We first note that Zeus did not argue, in the trial court, that R.C. 4301.32 is unconstitutional. Therefore, that issue need not be addressed on appeal. Furthermore, Clark County is not the proper forum for that argument. "R.C. 4301.31 requires that an action for a declaration of the constitutionality of the statutes providing for a local-option election, * * * be brought in the Court of

Common Pleas of Franklin County." *Rickard v. Ohio Dept. of Liquor Control* (1986), 29 Ohio App.3d 133, 29 OBR 149, 504 N.E.2d 724, paragraph one of the syllabus. See, also, *Rickard v. Ohio Dept. of Liquor Control* (1985), 23 Ohio App.3d 101, 23 OBR 166, 491 N.E.2d 388.

We also note that Zeus has failed to cite any authority regarding its entitlement to notice of the local option election. Moreover, the Ohio Supreme Court has specifically stated that " * * *liquor permit holders do not possess a constitutional due process right to notice of an impending local option election because the election is a legislative action by the local electorate." *State ex rel. Cooker Restaurant Corp. v. Montgomery Cty. Bd. of Elections* (1997), 80 Ohio St.3d 302, 309, 686 N.E.2d 238, 244. Although Zeus urges us not to follow this decision because it is not "well-reasoned," we are bound to follow the law as set forth by the Ohio Supreme Court; we do not enjoy the privilege of choosing which decisions of the Ohio Supreme Court are sufficiently well-reasoned to merit our following them. *Consolidated Rail Corp. v. Forest Cartage Co.* (1990), 68 Ohio App.3d 333, 341, 588 N.E.2d 263, 268.

It appears that the Ohio Supreme Court's reasoning in *Cooker, supra,* is that a local option election is a legislative action, and persons who will be adversely affected by a proposed legislative act enjoy no constitutional due process right to notice that the legislative act is contemplated. Therefore, we hold that because a liquor permit holder has no constitutional due process right to notice of a local liquor election, perforce the permit holder's landlord has no constitutional right to notice.[1]

Accordingly, Zeus's second and third assignments of error are overruled.

IV

Zeus's fourth assignment of error is as follows:

"The court erred in dismissing the complaint of Zeus Shopping Center Inc., because the election was void ab initio."

Zeus argues that its complaint should not have been dismissed because the election was void. In support, Zeus argues that the petitions for the local option election did not contain the minimum number of signatures required by R.C. 4301.33.

---

1. Statutory notice to permit holders is provided for in R.C. 4301.33.

As noted above, Zeus, as a liquor permit holder's landlord, had no constitutional or statutory right to notice of the impending election. Therefore, it could not maintain an action, as could the permit holder, on the basis of lack of notice. Its alternative theory is that the election result is void because of defects in the process leading to the placement of the local option issue on the ballot, specifically, that the petition lacked the requisite number of electors' signatures. But the exclusive remedy for the correction of all errors, frauds, and mistakes which may occur at an election is an election contest pursuant to R.C. 3515.09. *State ex rel. Byrd v. Summit Cty. Bd. of Elections* (1981), 65 Ohio St.2d 40, 19 O.O.3d 230, 417 N.E.2d 1375, paragraph one of the syllabus.

The local option election was held on November 3, 1998. Therefore, any election contest was required to be filed within fifteen days after the results of the election were announced or within ten days after any recount was completed. R.C. 3515.09. From the record, it is apparent that Zeus failed to file an election contest within the appropriate time. Therefore, we conclude that Zeus failed to pursue the remedy available to it, and, regardless of the alleged impropriety of the election, is precluded from pursuing any other action to overturn its result.

Accordingly, Zeus's fourth assignment of error is overruled.

V

All of Zeus's assignments of error having been overruled, the judgment of the trial court is *affirmed*.

*Judgment affirmed.*

GRADY, P.J., and BROGAN, J., concur.