[Cite as *I & I Foods, Inc. v. Ohio Dept. of Health,* ___ Ohio App.3d ___, 2011-Ohio-6870.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

I & I FOODS, INC. dba B'S SHOPRITE,      Case No. 2010-11803

    Plaintiff,

    v.      Judge Alan C. Travis

OHIO DEPARTMENT OF HEALTH,

    Defendant.      **DECISION**

{¶1} This case is sua sponte assigned to Judge Alan C. Travis to conduct all proceedings necessary for decision in this matter. On September 6, 2011, plaintiff filed a motion for summary judgment pursuant to Civ.R. 56(A). On October 6, 2011, after having been granted leave, defendant filed both a response to plaintiff's motion and its own motion for summary judgment pursuant to Civ.R. 56(B). Plaintiff did not file a response. The motions are now before the court for a non-oral hearing pursuant to L.C.C.R. 4(D).

{¶2} Civ.R. 56(C) states, in part, as follows:

{¶3} "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor." See also

*Gilbert v. Summit Cty.*, 104 Ohio St.3d 660, 2004-Ohio-7108, citing *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317.

{¶4} In 2007, Mike Abrahim and his wife Ilham owned and operated a convenience store known as I & I Foods, Inc., d.b.a. B's Shoprite in Cleveland, Ohio.[1] In January 2007, the Abrahims applied for plaintiff to be an authorized retail vendor for WIC, defendant's supplemental nutrition program for women, infants, and children. Plaintiff's application was approved, and on May 8, 2007, Issa Khaleq, plaintiff's manager, attended WIC retail vendor training.

{¶5} On February 2, 2009, defendant sent Ilham Abrahim a letter wherein it stated that after a site visit was conducted on November 24, 2008, defendant discovered that plaintiff was in violation of certain program requirements. For example, plaintiff accepted WIC coupons without presentation of a valid state of Ohio WIC identification card, plaintiff failed to clearly list prices near authorized foods, and plaintiff's WIC customers were either overcharged or were charged for purchases that were not made. Defendant advised the Abrahims to review the Ohio WIC Retail Vendor Manual and noted that continued violations might result in civil fines or disqualification from the WIC program.

{¶6} On April 2, 2010, Mike Abrahim received a letter dated March 31, 2010, wherein defendant notified plaintiff that the WIC contract would be terminated 15 days from the date of plaintiff's receipt of the notice. The basis for the termination was plaintiff's repeated violations of certain rules as provided in Ohio Administrative Code (OAC) Chapter 3701-42, including engaging in a pattern of redeeming coupons for authorized foods that were not purchased and overcharging WIC customers. The notice advised the Abrahims of their right to an administrative review regarding the contract termination. In addition, the letter stated: "Regardless of whether you request an administrative review, the WIC contract termination and disqualification will take effect fifteen days from the date you receive this notice. **You will not be reimbursed for WIC coupons redeemed after the effective date of the disqualification**." (Emphasis in original.)

---

[1] I & I Foods, Inc., d.b.a. B's Shoprite shall be referred to as "plaintiff" throughout this decision.

{¶7} According to Mike Abrahim, upon receipt of the letter, he telephoned defendant with concerns and was told that as long as he filed a timely appeal of the termination, plaintiff could still accept WIC coupons until a final decision was made. Plaintiff timely filed an objection and a hearing was held on June 15, 2010. On June 29, 2010, a hearing examiner issued a decision which terminated plaintiff from the WIC program.

{¶8} Plaintiff continued to accept WIC coupons after the effective date of the disqualification until the hearing examiner's decision in the amount of $9,176.69. Defendant has refused to reimburse plaintiff for those WIC coupons.

{¶9} Plaintiff asserts that it is entitled to summary judgment under the theory of unjust enrichment. Defendant asserts that plaintiff's claim fails as a matter of law, and, as a result, that defendant is entitled to summary judgment.

{¶10} The Tenth District Court of Appeals has held that "the doctrine of unjust enrichment does not apply when a contract actually exists; it is an equitable remedy applicable only when the court finds there is no contract." *Alternatives Unlimited-Special, Inc. v. Ohio Dept. of Edn.*, Franklin App. No. 08AP-396, 2008-Ohio-6427, ¶23; see also *Struna v. Ohio Lottery Comm.*, Franklin App. No. 03AP-787, 2004-Ohio-5576, ¶22, quoting *Turner v. Langenbrunner,* Warren App. No. CA2003-10-099, 2004-Ohio-2814, ¶38 ("'Unjust enrichment is an equitable doctrine to justify a quasi-contractual remedy that operates in the absence of an express contract or a contract implied in fact to prevent a party from retaining money or benefits that in justice and equity belong to another.'")

{¶11} In support of its motion, defendant filed the deposition of Mike Abrahim. In his deposition, Abrahim admits that Defendant's Exhibit A is the WIC program retail vendor application that he and his wife completed in 2007. On page 3 of that document, it states: "This Agreement will begin July 1, 2007, or upon signature of all parties * * * and end June 30, 2010 subject to the following terms and conditions outlined below." On page 9 of the agreement, it states:

{¶12} "VI. Disqualification

{¶13} "(A) * * * Vendor may appeal the disqualification as authorized by 7 CFR section 246.18 and OAC Chapter 3701-42. *While vendor's appeal is in progress,*

*vendor may not accept coupons. State WIC Agency will not reimburse vendor for any foods disbursed by vendor after the effective date of vendor's disqualification.*" (Emphasis added.)

{¶14} Page 11 of the agreement is signed by Ilham Abrahim, dated January 21, 2007, and by the Acting Director of Health dated May 30, 2007. Construing the evidence most strongly in plaintiff's favor, the only reasonable conclusion is that plaintiff's unjust enrichment claim involves the same subject matter governed by the terms of the parties' contract. Consequently, as a matter of law, the doctrine of unjust enrichment has no application. Therefore, plaintiff's motion for summary judgment shall be denied.

{¶15} Civ.R. 56(E) provides in relevant part that:

{¶16} "When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the party does not so respond, summary judgment, if appropriate, shall be entered against the party."

{¶17} Plaintiff failed to respond to defendant's motion for summary judgment. The only permissible inference to draw from the evidence is that pursuant to the agreement signed by both parties, plaintiff was prohibited from accepting WIC coupons during the pendency of its appeal, and that defendant cannot reimburse plaintiff for any foods it disbursed after the effective date of plaintiff's disqualification. The court finds that the remedy plaintiff seeks is prohibited in the language of the agreement. Therefore, defendant is entitled to summary judgment as a matter of law.

{¶18} Furthermore, any mistaken advice by defendant's employees that Mike Abrahim received about accepting WIC coupons during the appeal period did not estop defendant from terminating plaintiff's contract. "'The principle of estoppel does not apply against a state or its state agencies in the exercise of a governmental function.'" *State ex rel. Cooker Restaurant Corp. v. Montgomery Cty. Bd. of Elections* (1997), 80 Ohio St.3d 302, 307, quoting *State ex rel. Chevalier v. Brown* (1985), 17 Ohio St.3d 61,

63.  Accordingly, defendant is entitled to judgment as a matter of law and its motion for summary judgment shall be granted.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

I & I FOODS, INC. dba B'S SHOPRITE,   Case No. 2010-11803

   Plaintiff,

   v.           Judge Alan C. Travis

OHIO DEPARTMENT OF HEALTH,

   Defendant.       **<u>JUDGMENT ENTRY</u>**


{¶19} A non-oral hearing was conducted in this case upon the parties' cross-motions for summary judgment. For the reasons set forth in the decision filed concurrently herewith, plaintiff's motion for summary judgment is DENIED, defendant's motion for summary judgment is GRANTED and judgment is rendered in favor of defendant. Court costs are assessed against plaintiff. The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.


_____
ALAN C. TRAVIS
Judge

cc:

Harvey J. McGowan
1245 East 135th Street
East Cleveland, Ohio 44112-2413

James P. Dinsmore
Assistant Attorney General
150 East Gay Street, 18th Floor
Columbus, Ohio 43215-3130


Filed November 23, 2011
To S.C. reporter December 30, 2011