70

THE STATE, EX REL. LIPPITT, *v.* CUYAHOGA COUNTY BOARD OF ELECTIONS ET AL.

(No. 78-777—Decided November 1, 1978.)

Mr. *Thomas W. Lippitt, pro se.*

Mr. *John T. Corrigan,* prosecuting attorney, and Mr. *David A. Williamson,* for respondent Cuyahoga County Board of Elections.

Messrs. *Benesch, Friedlander, Coplan & Aronoff* and Mr. *Eliot M. Kaufman,* for intervening respondent.

*Per Curiam.* R. C. 3513.05 establishes the statutory remedy for protesting a candidacy for party nomination. It provides, in pertinent part, that "* * * [p]rotests against the candidacy of any person filing a declaration of candidacy for party nomination or for election to an office or position, as provided in this section, may be filed by any qualified elector who is a member of the same political party as the candidate and who is eligible to vote at the primary election for the candidate whose declaration of candidacy he objects to, or by the controlling committee of such party. *Such protest must be in writing, and must be filed not later than four p. m. of the sixty-fifth day before the primary election.* Such protest shall be filed with the election officials with whom the declaration of candidacy and petition was filed." (Emphasis added.)

In *Maranze* v. *Bd. of Elections* (1958), 167 Ohio St. 323, the relator therein contended that the nominating petitions of certain candidates were void because they were violative of that portion of R. C. 3513.251 which provides that no nominating petition shall be accepted for filing by a board of elections if it contains more than twice the minimum aggregate number of signatures required. In dis-

missing relator's appeal of an adverse decision by the Court of Appeals, this court, at page 324, held, *inter alia*, that "* * * Maranze, having failed to exhaust his statutory administrative remedy of filing a protest to the nominating petitions (see Section 3513.262 *et seq.*, Revised Code), cannot maintain this action as to mandamus."*

The *Maranze* case is dispositive of the instant cause and dictates that the relator may not maintain this mandamus action.

Relator's motion for summary judgment is therefore overruled and the writ prayed for denied.

*Writ denied.*

Leach, C. J., Herbert, Celebrezze, W. Brown, P. Brown, Sweeney and Locher, JJ., concur.

---

*Relator maintains that the board failed to notify him of the alleged deficiency in the Aveni petition. R. C. 3513.05 requires only that notice of a protest hearing be given to one making a protest and to the person whose candidacy is being protested.

Since R. C. 3513.05 also provides that "[a]ll petition papers * * * filed with such board shall * * * be open to public inspection until four p. m. of the seventieth day before the day of the next primary election," and since it is presumed that the board performed its statutorily mandated duty in this respect, the relator had adequate opportunity to discover any defect in the Aveni part-petitions and file a timely protest.