THE STATE EX REL. SNIDER, APPELLANT, *v.* STAPLETON, JUDGE, APPELLEE.

[Cite as *State ex rel. Snider v. Stapleton* (1992), 65 Ohio St.3d 40.]

(No. 92–890—Submitted September 14, 1992—Decided October 1, 1992.)

*Kenneth L. Snider, pro se.*
*John Woliver,* for appellee.

*Per Curiam.* R.C. 311.01(B) sets forth nine qualifications to become a candidate for county sheriff, including the requirement under R.C. 311.-01(B)(9) that a candidate have at least five years of full-time law enforcement experience. Additionally, R.C. 311.01(B)(6) requires a candidate to be subjected to a local, state, and national fingerprint search to disclose any criminal record. The fingerprinting is to be directed by the administrative judge of the court of common pleas, who must notify the board of elections of his "findings." R.C. 311.01(B)(7) requires a candidate to submit six-year residence and employment histories to the administrative judge, and requires the judge to forward them to the board of elections with the fingerprint "findings."

In *State ex rel. Shumate v. Portage Cty. Bd. of Elections* (1992), 64 Ohio St.3d 12, 591 N.E.2d 1194, we held that boards of elections, not the administrative judge of the court of common pleas, should evaluate a candidate's qualifications under R.C. 311.01, and that the administrative judge has only a ministerial duty to notify the board of the results of the fingerprint search and forward the residence and employment histories under R.C. 311.01(B)(6) and (7). While this decision was announced after the court of appeals' decision in the present case, the court of appeals erred to the extent it misperceived the extent of the judge's responsibilities. However, the court of appeals was clearly correct when it declined to order appellant's name placed on the primary ballot because appellant never properly joined the board of elections or challenged its rejection of his petition. Moreover, the Democratic

primary has passed, and that issue is moot. *State ex rel. Santora v. Cuyahoga Cty. Bd. of Elections* (1962), 174 Ohio St. 11, 21 O.O.2d 35, 185 N.E.2d 438. This makes an order compelling appellee to submit the relevant materials to the board of elections a vain act. "Mandamus will not be ordered if the result is to mandate a vain act." *State ex rel. Sawyer v. O'Connor* (1978), 54 Ohio St.2d 380, 383, 8 O.O.3d 393, 395, 377 N.E.2d 494, 497.

The judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.