JOURNAL ENTRY AND OPINION
{¶ 1} Charles L. Jenkins, Jr. has filed a petition for a writ of mandamus. Jenkins seeks an order from this court which requires any common pleas judge to rule on two separate motions for records without cost that were filed in the underlying action of State v. Jenkins, Cuyahoga County Court of Common Pleas Case No. CR-199190. The State of Ohio has filed a motion for summary judgment, which we grant for the following reasons.
{¶ 2} Initially, we find that Jenkins' petition for a writ of mandamus is defective since it is improperly captioned. The petition for a writ of mandamus must be brought in the name of the state on relation of the person applying. The failure of Jenkins to properly caption his petition for a writ of mandamus constitutes sufficient reason for dismissal. Allen v. Court of Common Pleas of Allen Cty. (1962),173 Ohio St. 226, 181 N.E.2d 270; Dunning v. Judge Cleary, et al. (Jan. 11, 2001), Cuyahoga App. No. 78763.
{¶ 3} Jenkins has also failed to comply with the mandatory requirements of R.C. 2969.25(A). An inmate, when filing a civil action against a government entity or employee, must also file an affidavit which contains a description of each civil action or appeal of a civil action that has been docketed in the previous five (5) years in either state or federal court. State ex rel. Akbar-El v. Cuyahoga Cty. Court of Common Pleas, 94 Ohio St.3d 210, 2002-Ohio-475, 761 N.E.2d 624; State ex rel. Sherrills v. Franklin Cty. Clerk of Courts, 92 Ohio St.3d 402,2001-Ohio-211, 750 N.E.2d 94. It must also be noted that Jenkins has failed to comply with Loc.App.R. 45(B)(1)(a) which provides that a complaint for an extraordinary writ must be supported by an affidavit which specifies the details of the claim. State ex rel. McCool v. Adult Parole Authority (Mar. 5, 1998), Cuyahoga App. No. 73487.
{¶ 4} Finally, we find that Jenkins' request for a writ of mandamus is moot. Attached to the motion for summary judgment is a copy of a judgment entry, as journalized on August 1, 2002, which clearly demonstrates that the trial court has issued rulings with regard to Jenkins' motions for records without cost. Thus, Jenkins' request for a writ of mandamus is moot. State ex rel. Snider v. Stapelton (1992),65 Ohio St.3d 40, 600 N.E.2d 240; State ex rel. Richard v. Wells (1992),64 Ohio St.3d 76, 591 N.E.2d 1240.
{¶ 5} Accordingly, we grant the State of Ohio's motion for summary judgment. Costs to Jenkins. It is further ordered that the Clerk of the Eighth District Court of Appeals, pursuant to Civ.R. 58(B), shall serve upon all parties notice of this judgment and date of entry.
Writ denied.
TERRENCE O'DONNELL, J., and DIANE KARPINSKI, J., CONCUR.