[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] DECISION
{¶ 1} Carson A. McCormick filed this action in mandamus, seeking a writ which compels the Industrial Commission of Ohio ("commission") to issue an order allowing him to depose John P. Kilcher, a vocational expert who prepared an employability assessment report at the commission's request.
 {¶ 2} In accord with Loc.R. 12(M), the case was referred to a magistrate to conduct appropriate proceedings. The parties stipulated the pertinent evidence and filed briefs. The magistrate then issued a magistrate's decision which contains a recommendation that we deny the request for a writ of mandamus. (Attached as Appendix A.)
 {¶ 3} Counsel for Mr. McCormick has filed objections to the magistrate's decision. Counsel for the commission has filed a memorandum in response. The case is now before this court for a full, independent review.
 {¶ 4} Mr. McCormick was injured while working as a bus driver for the Central Ohio Transit Authority commonly known as "COTA." The injuries occurred in 1980. Originally, the claim was recognized for "cervical, dorsal, lumbar spine strain/sprain; trauma to head; and myositis." Later, the claim was expanded to include "herniated disc at C5-C6; depressive neurosis" and "lesion of the brain."
 {¶ 5} In 1999, Mr. McCormick filed an application for permanent total disability ("PTD") compensation. The application was denied initially, and then reviewed following a previous mandamus action in this court.
 {¶ 6} During the second set of proceedings before the commission, Mr. McCormick was examined by Kottil Rammohan, M.D. Following the examination, a report was prepared and forwarded to John P. Kilcher, who had provided an employability assessment earlier, but had no information about Mr. McCormick's brain lesion. Mr. Kilcher provided an addendum to his employability assessment report after receiving the report from Dr. Rammohan.
 {¶ 7} On May 23, 2001, a staff hearing officer ("SHO") heard the application for PTD compensation. On that date, counsel for Mr. McCormick filed a motion requesting that Mr. Kilcher be deposed. A deposition was refused as being untimely with respect to Dr. Rammohan, but no written ruling was issued with respect to Mr. Kilcher.
 {¶ 8} In denying the PTD compensation, the SHO made no reference to Mr. Kilcher's report or addendum. Case law suggests that the failure to mention the report and addendum prepared by Mr. Kilcher implies that the SHO did not rely upon Mr. Kilcher's opinion.
 {¶ 9} The magistrate, in light of the case law mentioned above, found that ordering a writ of mandamus to compel the deposition of Mr. Kilcher would be a vain act. Therefore, the magistrate found that a writ should not be granted.
 {¶ 10} Counsel for Mr. McCormick asserts that the SHO relied on the opinions of Mr. Kilcher without attributing them to Mr. Kilcher. We cannot say this is so, since an experienced SHO is quite capable of knowing that a millwright performs skilled labor without being told so by Mr. Kilcher. Likewise an experienced SHO would be aware of the transferability of a millwright's skills.
 {¶ 11} As a result, we overrule the objections to the magistrate's decision. We adopt the findings of fact and conclusions of law contained in the magistrate's decision. We therefore deny the request for a writ of mandamus.
Objections overruled; writ of mandamus denied.
BOWMAN and KLATT, JJ., concur.
 IN MANDAMUS {¶ 12} In this original action, relator, Carson A. McCormick, requests a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to issue an order that determines relator's motion to depose the commission's vocational expert, John P. Kilcher.
Findings of Fact:
 {¶ 13} 1. On October 27, 1980, relator sustained an industrial injury while employed as a bus driver for respondent Central Ohio Transit Authority ("COTA"). The industrial claim was initially allowed for: "Cervical, dorsal, lumbar spine, strain/sprain, trauma to head, myositis," and was assigned claim number PE677176.
 {¶ 14} 2. In 1982, the claim was additionally allowed for "depressive neurosis." In 1985, the claim was additionally allowed for: "herniated disc at C5-C6."
 {¶ 15} 3. In 1989, the commission disallowed the claim for: "Lesion of the brain." The commission's disallowance was appealed to the Franklin County Common Pleas Court pursuant to former R.C. 4123.519. The common pleas court entered judgment granting relator the right to participate for the condition described as "brain lesion." On August 30, 1994, the commission issued an order administratively recognizing the common pleas court judgment.
 {¶ 16} 4. On August 27, 1999, relator filed an application for permanent total disability ("PTD") compensation. Relator's application prompted the commission to have relator examined by psychologist Donald J. Tosi, Ph.D., for the "depressive neurosis," and by Nahid Dadmehr, M.D., for the physical conditions of the claim.
 {¶ 17} 5. Dr. Tosi examined relator on November 5, 1999. He found that the psychological condition did not prevent a return to the former position of employment.
 {¶ 18} 6. Dr. Dadmehr examined relator on November 18, 1999. However, "brain lesion" was not among the allowed conditions that Dr. Dadmehr listed in his report. Dr. Dadmehr opined that relator was able to perform "sedentary/light duty-type work activities."
 {¶ 19} 7. The commission requested an employability assessment report from John P. Kilcher ("Kilcher"), a vocational expert. The Kilcher report, dated January 21, 2000, sets forth "employment options" based upon the reports of Drs. Dadmehr and Tosi.
 {¶ 20} 8. Following a March 28, 2000 hearing, a staff hearing officer ("SHO") issued an order denying relator's PTD application based upon the reports of Dr. Tosi, Dr. Dadmehr, and Kilcher. The SHO's order failed to list "brain lesion" as one of the allowed conditions of the claim.
 {¶ 21} 9. Relator then filed in this court a mandamus action which was assigned case number 00AP-911 (State ex rel. McCormick v. Indus. Comm.). The action resulted in the parties' filing of a Civ.R. 41(A) stipulation of dismissal on November 20, 2000. The stipulation of dismissal recites an agreement of the parties. The commission agreed to vacate its March 28, 2000 SHO's order, to correct its records to reflect the allowance of "brain lesion," to schedule a new medical examination that would include consideration of the "brain lesion" allowance, to obtain a new or amended vocational evaluation, and to conduct a new hearing on the PTD application.
 {¶ 22} 10. Pursuant to the agreement, the commission scheduled relator for examination by neurologist Kottil Rammohan, M.D., which was performed on January 25, 2001. Dr. Rammohan examined for all the allowed conditions except "depressive neurosis." He correctly listed all the allowed conditions of the claim in his report. Dr. Rammohan opined that relator cannot return to his former position of employment as a bus driver but that he is capable of "sedentary type of employment."
 {¶ 23} 11. The commission obtained an "addendum" report from Kilcher dated February 20, 2001. Kilcher listed "employment options" based upon Dr. Rammohan's report.
 {¶ 24} 12. On May 23, 2001, another SHO heard relator's PTD application filed August 27, 1999. At the hearing, relator's counsel, for the first time, orally moved to depose Kilcher. Relator's counsel also filed on May 23, 2001, a written motion to depose Kilcher.
 {¶ 25} 13. Relator concedes in this action that the SHO verbally informed his counsel at the hearing that the deposition request was denied.
 {¶ 26} 14. Following the May 23, 2001 hearing, the SHO issued an order denying the PTD application. The SHO's order states:
 {¶ 27} "Claimant's counsel requested at hearing the right to depose Dr. Kottil Rammohan, neurologist. Mr. Tootle received the report on 04/26/2001. Pursuant to Industrial Commission Rule 4121-3-09(A)(6)(a) a request to depose a physician must be filed within 10 days of receipt of the report. The request should have been made no later than 05/06/2001. The request was not made until 05/23/2001 at hearing. The request was denied.
 {¶ 28} "The claimant is now 61 years old. He hasn't worked since shortly after the date of injury. The claimant did go through some rehabilitation services in 1982 when he got physiotherapy. He hasn't done anything since 1982 to find work or retrain himself. The only thing the claimant could say at hearing was that nobody contacted him. The Staff Hearing Officer finds however that the claimant has a responsibility of his own to try to rehabilitate himself.
 {¶ 29} "The claimant was 41 years old at the time of the accident. It has been almost 21 years since the accident, 19 years since the physical therapy. In the case of Bowling v. National Can Corp. (1996)77 Ohio St.3d 148, the court stated,
 {¶ 30} "`The commission-as do we-demands a certain accountability of this claimant, who, despite the time and medical ability to do so, never tried to further his education or to learn new skills. There was certainly ample opportunity. At least fifteen years passed between the plant closure and claimant's application for permanent total disability compensation, and claimant was only age forty-seven when the plant shut down. Under these circumstances, we do not find that the commission's decision constituted an abuse of discretion.'
 {¶ 31} "The claimant is a high school graduate who has worked as; [sic] a bus driver; a millwright-laborer. The claimant has not had any surgery as a result of this injury.
 {¶ 32} "For the allowed psychiatric condition of `depressive neurosis', the claimant was examined on 11/15/1999 by Dr. Donald J. Tosi, Ph.D. who found the claimant able to perform any sustain[ed] remunerative employment including his former position of employment.
 {¶ 33} "The claimant was examined on 01/25/2001 by Dr. Kottil Rammohan, neurologist, for all other allowed conditions. His report states,
 {¶ 34} "`The claimant can not return to his previous occupation as a bus driver, but is capable of sedentary type of employment. The claimant should not work with automobiles or power tools since the consumption of some of the pain medications can impair alertness and his ability to respond quickly. Additional functional limitations are not indicated.'
 {¶ 35} "Therefore, since the claimant is physically able to perform sedentary work, what is the impact of the disability factors on that ability?
 {¶ 36} "As indicated already, the claimant's present age cannot be looked at without considering the age the claimant was when he last worked. The claimant's age is a neutral factor now. With federal laws against age discrimination anyone can work as long as they are physically able. This claimant cannot be found permanently and totally just because he has grown older since a prior permanent total denial in 1987. As discussed earlier, this claim needs to be looked at with consideration of claimant's age of 41 when he last worked.
 {¶ 37} "Regarding the claimant's education, of a high school degree, the Staff Hearing Officer finds that the claimant would have the ability to read, write, and do basic math. The claimant would have enough knowledge to allow for retraining to a sedentary entry-level position.
 {¶ 38} "Regarding the claimant's prior work history, the Staff Hearing Officer finds that the claimant has shown the ability to do skilled work by being a millwright. The ability to do skilled work is an asset that may not be specifically transferable but shows an ability level.
 {¶ 39} "Therefore considering impairment and disability factors the Staff Hearing Officer finds that the claimant can obtain or be retrained for sedentary work on a sustained remunerative basis. The claimant is not permanently and totally disabled."
 {¶ 40} 15. On August 9, 2002, relator filed this mandamus action.
Conclusions of Law:
 {¶ 41} It is the magistrate's decision that this court deny relator's request for a writ of mandamus, as more fully explained below.
 {¶ 42} Ohio Adm. Code 4121-3-09(A)(6)(a) states:
 {¶ 43} "A request to take the oral deposition of or submit interrogatories to an industrial commission or bureau physician who has examined an injured or disabled worker or reviewed the claim file and issued an opinion shall be submitted in writing to the hearing administrator within ten days from the receipt of the examining or reviewing physician's report * * *."
 {¶ 44} According to relator, the commission abused its discretion in two respects: (1) by failing to rule upon the motion to depose Kilcher, and (2) by finding the motion to be untimely under Ohio Adm. Code4121-3-09(A)(6)(a), a rule that relator claims is in-applicable to motions to depose vocational experts.
 {¶ 45} In response to relator's two-fold argument, respondent argues: (1) that it did in fact rule upon the motion to depose Kilcher but the ruling contains a typographical or clerical error in referring to the deponent as Dr. Rammohan, and (2) that case law indicates that Ohio Adm. Code 4121-3-09(A)(6)(a) is applicable to motions to depose vocational experts.
 {¶ 46} Respondent also argues that, because the commission did not rely upon the Kilcher report in denying PTD compensation, to compel the commission to rule upon the motion would in effect require the commission to perform a vain act which a court should not require a respondent to do.
 {¶ 47} Because relator is in effect requesting a writ of mandamus to compel a vain act, it is the magistrate's decision that this court deny relator's request for a writ of mandamus, as more fully explained below.
 {¶ 48} It is well-settled law that a court will not issue a writ of mandamus to compel a vain act. State ex rel. Rodriguez v. Indus. Comm. (1993), 67 Ohio St.3d 210, 214; State ex rel. Snider v. Stapleton (1992), 65 Ohio St.3d 40.
 {¶ 49} Relator moved to depose Kilcher, hoping that a deposition would further relator's PTD application. That is, the deposition would have no other purpose than to advance the PTD application by challenging Kilcher's vocational conclusions.
 {¶ 50} A review of the commission's order clearly shows that the commission did not rely upon any of Kilcher's reports in denying the PTD application. Given that the commission provided its own analysis of the non-medical factors without reference to the Kilcher reports, a deposition could have no impact upon the commission's decision on the PTD application. In short, the question of whether the deposition should have been granted has been rendered moot by the commission's decision to not rely upon the Kilcher reports. Thus, to compel the commission to issue a ruling on the motion to depose would require the commission to perform a vain act.
 {¶ 51} Given that relator seeks to compel the commission to perform a vain act, he is not entitled to a writ of mandamus.
 {¶ 52} Accordingly, it is the magistrate's decision that this court deny relator's request for a writ of mandamus.