ORIGINAL ACTION JOURNAL ENTRY AND OPINION
{¶ 1} Larry Collins seeks a writ of mandamus to order Judge Eileen T. Gallagher to rule on the following motions filed in the underlying action, State v. Collins, Cuyahoga County Court of Common Pleas Case No. CR-462434: (1) "motion objecting to continuances passing speedy trial deadline" filed on April 4, 2005; (2) "motion objecting to continuances in this matter" filed on April 22, 2005; (3) "motion for discovery of DNA evidence" filed on May 27, 2005; (4) "motion to dismiss counsel" filed on June 9, 2005; (5) "motion compelling discovery of grand jury testimony" filed on July 6, 2005; (6) "motion to dismiss for failure to provide statutory speedy trial" filed on July 15, 2005; and (7) "motion to suppress" filed on August 12, 2005. Judge Gallagher has filed a motion for summary judgment, which we grant for the following reasons.
 {¶ 2} Initially, we find that Collins' complaint for a writ of mandamus is procedurally defective because he has failed to comply with the mandatory requirements of R.C. 2969.25(A). When filing a civil action against a government entity or employee, an inmate must also file an affidavit which contains a description of each civil action or appeal of a civil action that has been docketed in the previous five years in either state or federal court. State ex rel. Akbar-El v. Cuyahoga Cty.Court of Common Pleas, 94 Ohio St.3d 210, 2002-Ohio-475, 761 N.E.2d 624;State ex rel. Sherrills v. Franklin Cty. Clerk of Courts,92 Ohio St.3d 402, 2001-Ohio-211, 750 N.E.2d 94. In addition, Collins has failed to comply with Loc.App.R. 45(B)(1)(a), which mandates that the complaint in an original action be supported by an affidavit specifying the details of the claim. The failure of Collins to comply with the supporting affidavit requirement of Loc.App.R. 45(B)(1)(a) prevents consideration of the complaint for a writ of mandamus. State ex rel.Smith v. McMonagle (July 17, 1996), Cuyahoga App. No. 70899; State exrel. Wilson v. Calabrese (Jan. 18, 1996), Cuyahoga App. No. 70077.
 {¶ 3} Finally, the complaint for a writ of mandamus is moot. On October 19, 2005, Judge Gallagher denied each of the motions filed by Collins in the underlying criminal action. This court will not command a vain act. State ex rel. Kirk v. Burcham, 82 Ohio St.3d 407, 1998-Ohio-224,696 N.E.2d 1042; State ex rel. Snider v. Stapelton (1992),65 Ohio St.3d 40, 600 N.E.2d 240.
 {¶ 4} Accordingly, we grant Judge Gallagher's motion for summary judgment. Costs to Collins. Clerk of the Eighth District Court of Appeals is ordered to serve a copy of this judgment upon all parties as required by Civ.R. 58(B).
Writ denied.
Blackmon, A.J., concurs.
 Corrigan, J., concurs.