[Cite as *State v. Foster*, 2012-Ohio-5702.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

## JOURNAL ENTRY AND OPINION
### No. 98929

---

## STATE OF OHIO

### RESPONDENT

### vs.

## TRAVIS FOSTER

### RELATOR

---

## JUDGMENT:
## WRIT DENIED

---

Writ of Mandamus
Motion No. 459159

Order No. 460255

RELEASE DATE: November 30, 2012

FOR RELATOR

Travis Foster
Inmate No. A600-699
Marion Correctional Institution
P.O. Box 57
Marion, OH 43301-0057

ATTORNEYS FOR RESPONDENT

Timothy J. McGinty
Cuyahoga County Prosecutor

James E. Moss
Assistant County Prosecutor
9th Floor, Justice Center
1200 Ontario Street
Cleveland, OH 44113

COLLEEN CONWAY COONEY, J.:

{¶1}   Travis Foster has filed a complaint for a writ of mandamus and seeks an order from this court requiring Judge Peter J. Corrigan to rule on motions for jail-time credit filed in Cuyahoga C.P. Case Nos. CR-542068, CR-543148, and CR-544799.[1]   Judge Corrigan has filed a motion for summary judgment, which is granted for the following reasons.

---

[1] Pursuant to Civ.R. 19(A), Judge Peter J. Corrigan is added as a necessary party to this

{¶2} Initially, we find that Foster's complaint for a writ of mandamus is defective, because it is improperly captioned. The complaint for a writ of mandamus must be brought in the name of the state on relation of the person applying. R.C. 2731.04; *Maloney v. Court of Common Pleas of Allen Cty.*, 173 Ohio St. 226, 181 N.E.2d 270 (1962); *Gannon v. Gallagher*, 145 Ohio St. 170, 60 N.E.2d 666 (1945).

{¶3} Further review of the complaint for a writ of mandamus discloses that Foster has failed to comply with R.C. 2969.25, which requires the attachment of an affidavit to the complaint for a writ of mandamus that describes each civil action or appeal filed within the previous five years in any state or federal court. Foster's failure to comply with R.C. 2969.25 warrants the dismissal of the complaint for a writ of mandamus. *State ex rel. Zanders v. Ohio Parole Bd.*, 82 Ohio St.3d 421, 1998-Ohio-218, 696 N.E.2d 594; *Alford v. Winters*, 80 Ohio St.3d 285, 1997-Ohio-117, 685 N.E.2d 1242. It must also be noted that Foster has failed to comply with Loc.App.R. 45(B)(1)(a), which mandates that his complaint for a writ of mandamus must be supported by an affidavit that specifies the details of the claim. *State ex rel. Leon v. Cuyahoga Cty. Court of Common Pleas,* 123 Ohio St.3d 124, 2009-Ohio-4688, 914 N.E.2d 402; *State ex rel. Wilson v. Calabrese*, 8th Dist. No. 70077, 1996 Ohio App. LEXIS 6213 (Jan. 18, 1996).

---

original action and is designated as the respondent.

{¶4} Finally, Foster's request for a writ of mandamus is moot. Attached to the respondent's motion for summary judgment are copies of judgment entries, journalized on October 4, 2012, that demonstrate that Perry has been granted jail-time credit in the amount of 145 days in CR-542068, CR-543148, and CR-544799. Thus, Foster's request for a writ of mandamus is moot. *State ex rel. Jerninghan v. Cuyahoga Cty. Court of Common Pleas*, 74 Ohio St.3d 278, 1996-Ohio-117, 658 N.E.2d 723; *State ex rel. Snider v. Stapleton*, 65 Ohio St.3d 40, 600 N.E.2d 240 (1992); *State ex rel. Richard v. Wells*, 64 Ohio St.3d 76, 591 N.E.2d 1240 (1992); *State ex rel. Gantt v. Coleman*, 6 Ohio St.3d 5, 450 N.E.2d 1163 (1983).

{¶5} Accordingly, we grant Judge Corrigan's motion for summary judgment. Costs to Judge Corrigan. Costs ordered waived. The court directs the clerk of court to serve all parties with notice of this judgment and its date of entry upon the journal as required by Civ.R. 58(B).

{¶6} Writ denied.

_____
COLLEEN CONWAY COONEY, JUDGE

PATRICIA ANN BLACKMON, A.J., and
KATHLEEN ANN KEOUGH, J., CONCUR